IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN VOGT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-1407 |
| | ) | |
| v. | ) | District Judge Arthur J. Schwab |
| | ) | Magistrate Judge Maureen P. Kelly |
| JOHN WETZEL, *Secretary of the Department* | ) | |
| *of Corrections (Official & Individual* | ) | Re: ECF No. 54 |
| *Capacity)* and JOHN/JANE DOE, *Mailroom* | ) | |
| *Employee at S.C.I. Fayette (Official &* | ) | |
| *Individual Capacity)*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Presently before the Court is Plaintiff Steven Vogt's ("Vogt") "Motion to Enforce a Subpoena Served Upon PA State Police or Issue Subpoena and Order Service by U.S. Marshal." ECF No. 54. For the following reasons, Vogt's motion is denied.

Vogt asserts that on February 10, 2022, he served a subpoena by registered mail upon the Pennsylvania State Police ("PSP"), a third party, to produce all investigation records and files related to his conviction for murder committed in 1990. Id., and see, ECF No. 54-1 at 1 (Subpoena to Produce Documents). The PSP declined to comply because the subpoena was not personally served as required by Rule 45(b) of the Federal Rules of Civil Procedure, as enforced in this jurisdiction. ECF No. 54-1 at 5. Vogt argues that mail delivery is sufficient and thus seeks an order compelling the PSP to comply with the subpoena. Alternatively, Vogt seeks an order requiring service by the United States Marshal ("U.S. Marshal") because he is incarcerated, and he cannot independently serve a subpoena. Id. Vogt does not suggest whether he sought to retain the services of a private server but states he is "happy" to pay for service by the U.S. Marshal. Id.

1

On the record presented, the Court will not exercise its discretion to compel compliance with a subpoena that is overbroad and unduly burdensome, nor will it order the U.S. Marshal to effectuate service on his behalf. Plaintiff's request to permit service of a subpoena by certified mail is also denied.

## I. DISCUSSION

### A. Permissible Scope of Discovery

> Rule 45 of the Federal Rules of Civil Procedure establishes the rules for discovery directed to individuals and entities that are not parties to the underlying lawsuit. Fed. R. Civ. P. 45. A subpoena under Rule 45 'must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)' OMS Invs., Inc. v. Lebanon Seaboard Corp., No. 08–2681, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008)." First Sealord Sur. v. Durkin & Devries Ins. Agency, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013). Rule 45 also confers broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands. In this regard, it is well settled that decisions on matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. R.J. Reynolds Tobacco v. Philip Morris Inc., 29 Fed. Appx. 880, 881 (3d Cir. 2002). This far-reaching discretion extends to decisions regarding whether to enforce compliance with subpoenas, where "'[i]t is well-established that the scope and conduct of discovery are within the sound discretion of the trial court.' Guinan v. A.I. duPont Hosp. for Children, No. 08–228, 2008 WL 938874, at *1 (E.D. Pa. Apr. 7, 2008) (quoting Marroquin–Manriquez v. INS, 699 F.2d 129, 134 (3d Cir. 1983))." Coleman-Hill v. Governor Mifflin School Dist., 271 F.R.D. 549, 552 (E.D. Pa. 2010).

Audi of Am., Inc. v. Bronsberg & Hughes Pontiac, Inc., No. 3:16-CV-2470, 2017 WL 2212505, at *1 (M.D. Pa. May 17, 2017).

In determining the propriety of the discovery that Plaintiff seeks to compel, the Court is mindful that under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance in this context has been 'construed broadly to encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on, any issue that

is or may be in the case.'" United States ex rel. Bergman v. Abbott Labs., No. 09-4264, 2016 WL 4247429, at *2 (E.D. Pa. Aug. 11, 2016) (quoting Oppenheimer Funds v. Sanders, 437 U.S. 340, 351 (1978)). While the scope of discovery is broad, it is not unlimited. See Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999). Discovery should not serve as a fishing expedition. Upshaw v. Janssen Research & Development, LLC, No. 11-7574, 2014 WL 1244047, at * 3 (E.D. Pa. Mar. 26, 2014).

The instant case presents discrete claims against John Wetzel, Secretary of the Pennsylvania Department of Corrections ("DOC"), and an unidentified mailroom employee arising from DOC'S policy to refuse mail addressed to a prisoner that lacks a return address, without notice to the recipient. Vogt v. Wetzel, 8 F.4th 182, 184 (3d Cir. 2021). Vogt asserts that because of this policy, a letter dated October 23, 2016 that purportedly contained a recantation of testimony implicating Vogt in a 1990 murder, was delayed by six months. ECF No. 3; see also, Vogt v. Coleman, No. CV 08-530, 2021 WL 5040424, at *2 (W.D. Pa. Oct. 29, 2021) (setting forth procedural history of criminal conviction and Vogt's various petitions for post-conviction relief). Vogt claims that because he did not receive notice that the letter was refused, he could not arrange alternative delivery, and thus failed to timely appeal his conviction based on newly discovered evidence. Id. Vogt alleges that the DOC policy violated his constitutionally protected liberty interest in the receipt of mail, and his right to access to courts. See Procunier v. Martinez, 416 U.S. 396, 418 (1974), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989) ("The interest of prisoners and their correspondents in uncensored communication by letter, grounded as it is in the First Amendment, is plainly a 'liberty' interest within the meaning of the Fourteenth Amendment even though qualified of necessity by the circumstance of imprisonment. As such, it is protected from arbitrary governmental invasion.").

Despite the limited parameters of this civil rights action, Vogt mailed a subpoena to the PSP – a party with no connection whatsoever to this case – requesting a copy of "[a]ll investigation files and records related to the 1990 murder of Francis Landry in Butler County, PA." ECF No. 54-1. Beyond a stray reference to "damages," Vogt does not connect the underlying 1990 PSP investigation to his claim here that, again, concerns the belated receipt of a letter dated October 23, 2016.[1] Vogt presents no basis for the Court to conclude that the requested documents bear on, or could reasonably lead to other material that bear on, any issue that is or may be at issue in the case. Thus, the Court will not exercise its discretion in this instance to compel production in compliance to an overbroad subpoena that seeks information with no apparent relevance to the liberty and access to court claims at issue.

2. **Service by the U.S. Marshal**

This Court granted Plaintiff's petition to proceed *in forma pauperis*, and pursuant to 28 U.S.C. § 1915(b)(1), permitted Plaintiff's Complaint to be filed without prepayment of fees. ECF No. 2. However, "[t]here is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993); see also, Porter v. Dep't of Treasury, 564 F.3d 176, 180 (3d Cir. 2009)("We note that the granting of IFP status exempts litigants from filing fees only. It does not exempt litigants from the costs of copying and filing documents; *service of documents other than the complaint*; costs, 28 U.S.C. § 1915(f)(1); expert

---

[1] On March 28, 2018, the Pennsylvania Superior Court remanded Vogt's most recent state court action for post-conviction relief to consider the timeliness of his petition based on the letter at issue and, if timely, whether the alleged recantation warrants relief under Pennsylvania's PCRA statute. Commonwealth v. Vogt, No. 1010 WDA 2017, 2018 WL 1516372, at *3 (Pa. Super. Ct. Mar. 28, 2018). The trial court dismissed the PCRA petition on September 29, 2021, and an appeal of the trial court's order is pending before the Superior Court. See Commonwealth of Pennsylvania v. Vogt, No. 1186 WDA 2021. Thus, any delay in receipt does not appear to have hindered his attempt to seek relief based on the contents of the alleged recantation.

witness fees, Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir.1987); or sanctions.)(italics added)). Thus, the Court will not require service by the U.S. Marshal at government expense.

3.     **Requirement for Personal Service**

Rule 45 is generally construed to require personal service.[2] Smith v. Club Exploria LLC, No. 3:20-CV-00580, 2021 WL 4375907, at *2 (M.D. Pa. Sept. 24, 2021) (collecting cases). "The Court recognizes that some courts have held that delivering a subpoena by certified mail may satisfy the service requirements of Rule 45." Farley-Skinner v. Adventure Aquarium, LLC, No. 1:17-CV-04797, 2018 WL 3647209, at *2 (D.N.J. Aug. 1, 2018) (citing New Jersey Building Laborers Statewide Ben. Funds and Trustees Thereof v. Torchio Brothers, Inc., Civ. No. 08-552, 2009 WL 368364, at *2 (D.N.J. Feb. 11, 2009)). "However, courts have found that approach to represent the minority view." Farley-Skinner, 2018 WL 3647209, at *2  (citing Alfamodes Logistics Ltd. Liability Co. v. Catalent Pharma Solutions, Inc., 2011 WL 1542709, at *1 (E.D. Pa. April 25 2011) (describing acceptance of certified mail as "a minority-held position among the federal courts"); Ricoh Co. v. Oki Data Corp., No. 09-694, 2011 WL 3563142, at *4 (D. Del. Aug. 15, 2011) (noting "the majority rule of personal service as the required mode of proper service")).

In this case, given the apparent absence of prior notice of the subpoena as required by Rule 45(a)(4), an overbroad request for discovery with no apparent relation to this action, and no documentation regarding Plaintiff's inability to locate and retain a private server, the Court finds no circumstances to warrant departure from the requirement for personal service.

---

[2] Rule 45(b)(1) provides "Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies."

Accordingly, "Plaintiff's Motion to Enforce a Subpoena Served Upon PA State Police or Issue Subpoena and Order Service by U.S. Marshal" is denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: March 8, 2022            BY THE COURT:

                                 */s/  Maureen P. Kelly*
                                 MAUREEN P. KELLY
                                 UNITED STATES MAGISTRATE JUDGE


cc:    The Honorable Arthur J. Schwab
       United States District Judge

       All counsel of record via CM/ECF

       Steven Vogt
       BN-3436
       S.C.I. Fayette
       48 Overlook Drive
       LaBelle, PA 15450