IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN VOGT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-1407 |
| | ) | |
| v. | ) | District Judge Arthur J. Schwab |
| | ) | Magistrate Judge Maureen P. Kelly |
| JOHN WETZEL, *Secretary of the Department* | ) | |
| *of Corrections (Official & Individual* | ) | Re: ECF Nos. 59 and 63 |
| *Capacity)* and JOHN/JANE DOE, *Mailroom* | ) | |
| *Employee at S.C.I. Fayette (Official &* | ) | |
| *Individual Capacity)*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Through this *pro se* civil rights action, Plaintiff Steven Vogt ("Vogt") alleges that Defendants John Wetzel ("Wetzel"), Secretary of the Pennsylvania Department of Corrections ("DOC") and unidentified mailroom employees at the State Correctional Institution at Fayette ("SCI – Fayette") violated his constitutionally protected liberty interest in notice that mail addressed to him at SCI – Fayette without a return address was rejected by facility staff and returned to the United States Post Office. Litigation of his claim has reached the discovery phase.

Pending before the Court is Vogt's Motion for Reconsideration, ECF No. 63, requesting reconsideration of this Court's Memorandum Order entered on April 14, 2022, ECF No. 62, resolving in part Vogt's "Motion to Compel Production of Requested E-Mails and Records from the Defendant Under Rule 37." Also pending is an issue raised in Vogt's Motion to Compel related to records of the development of DOC's mail policies. See ECF Nos. 59. The Court deferred consideration of this issue pending the filing of Defendants' supplemental response. See ECF No. 62. Defendants have filed "Secretary Wetzel's Supplemental Response to Plaintiff's Motion to

1

Compel [ECF 59] and Response to Plaintiff's Motion for Reconsideration [ECF 63]." ECF No. 65. Thus, both motions are ripe for consideration.

For the following reasons, the Motion for Reconsideration as to employee emails is granted, and the Motion to Compel production of mail policies is denied as moot.

1. **DOC Mail Policies**

On March 25, 2022, Vogt filed a Motion to Compel seeking, in part, documents related to DOC's development of policies regarding delivery of inmate mail. ECF No. 59 ¶¶ 4-5. Wetzel responded that such policies were subject to the deliberative process privilege. ECF No. 61 ¶ 28. The assertion of privilege was not supported with "precise and certain reasons." Thus, the Court deferred resolution of the claim pending Wetzel's identification of relevant documents and the reason for the assertion of privilege as to each document. ECF No. 62 at 4-7.

Wetzel's Supplemental Response to the Motion to Compel reflects that a search for the requested documents has been completed and that, upon review, "Secretary Wetzel has concluded that these documents can be produced to Plaintiff." ECF No. 65 ¶ 4. Wetzel requests a brief period to complete production. Id. ¶ 5. Accordingly, the Motion to Compel production of responsive documents related to DOC mailing procedures is denied as moot. Wetzel is granted until May 24, 2022, to complete production. Defendant Wetzel is directed to file a notice on the docket confirming production of these documents to Plaintiff.

2. **Employee Emails**

Vogt's Motion to Compel also requested an order compelling the production of emails stored on DOC's computer system that mention Vogt's name or inmate number, refer to this civil action, or relate to the refusal of mail addressed to him at SCI – Fayette since the filing of this action. ECF No. 59 at 1-2. Wetzel objected that the request was overbroad, unduly burdensome,

not relevant to Plaintiff's claims, and not proportional to the needs of the case. ECF No. 61 ¶ 16. Without waiving these objections, Wetzel further represented that, "[t]here do not appear to be any emails in the accounts [of mailroom employees] during the October 2016 through June 2017 time period naming or involving Plaintiff." Id. ¶ 19. Wetzel also responded that two of the mailroom employees were no longer employed by the DOC and "their email accounts are no longer active and available for review." Id. ¶ 20. The Court agreed that the request was overbroad as it was not limited to the issue of mail delivery and, in any event, the Court could not order the production of documents that do not exist. ECF No. 62.

In the pending Motion for Reconsideration, Vogt clarifies that despite the apparent breadth of the request for emails to or from Department of Corrections staff that refer to him by name or inmate number, his request is limited to emails about mail addressed to him or referring to this civil action. ECF No. 63 at 2. Vogt explains that in his experience, employees other than mailroom staff are routinely assigned to the mailroom and thus the initial search for responsive emails may have been too narrow. Finally, he questions the accuracy of Wetzel's response that former employee emails are inaccessible. Id. at 3.

Wetzel has responded to the Motion for Reconsideration stating, "that he has no personal knowledge of any emails that would be responsive," and that DOC's Information Technology Procedures Manual confirms that email accounts of former DOC employees are not kept or retained. ECF No. 65 at 2. Further, an investigation by counsel yielded no emails that would be responsive "from the email accounts that were available to be reviewed." Id. ¶ 9. Of particular significance, Wetzel fails to address whether DOC computer files and email accounts are archived, and whether such archives were searched.

3

A motion for reconsideration may be granted only if one of three situations is shown: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent manifest injustice." Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *citing* Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992).

> Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. . . . Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly. . . .

Williams v. Pittsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998) (internal citations omitted).

In this case, the Court finds that reconsideration is appropriate in the interest of justice. Based on counsel's representations of the search conducted, the potential remains that a diligent search of system back-up files and email archives, if any, could result in the location of relevant emails.

For the reasons set forth herein, IT IS HEREBY ORDERED that the Motion for Reconsideration, ECF No. 63, is granted, and the Motion to Compel, ECF No. 59, is granted in part, as follows:

(1) Wetzel, through the DOC and counsel, is directed to search electronically stored information, including any electronic archives or backup files, for emails referring to Vogt by name or inmate number related to the delivery or refusal of mail for the period October 2016 to date. Any documents or information that are otherwise discoverable but subject to withholding as privileged or protected must be identified and resolved in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

(2) The search shall include email accounts of all employees at SCI-Fayette, past and present, whether retired or resigned, for the identified period who may have been assigned to the SCI-Fayette mailroom or participated in the delivery or return of mail addressed to Vogt.

(3) Upon the conclusion of the search, if no responsive documents are located, counsel shall file a supplemental response to the Motion to Compel identifying the steps undertaken to conduct the search, search terms employed, and certifying that the search was conducted in accordance with the requirements of the Federal Rules of Civil Procedure.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely appeal will constitute a waiver of any appellate rights.

DATED: May 10, 2022                     BY THE COURT:

                                        */s/ Maureen P. Kelly*
                                        MAUREEN P. KELLY
                                        UNITED STATES MAGISTRATE JUDGE


cc:   The Honorable Arthur J. Schwab
      United States District Judge

      All counsel of record via CM/ECF

      Steven Vogt
      BN-3436
      SCI Fayette
      48 Overlook Drive
      LaBelle, PA 15450