IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN VOGT, | ) |
| Plaintiff, | ) Civil Action No. 17-1407 |
| v. | ) District Judge Arthur J. Schwab |
| | ) Magistrate Judge Maureen P. Kelly |
| JOHN WETZEL, *Secretary of the Department of Corrections (Official & Individual Capacity)* and JOHN/JANE DOE, *Mailroom Employee at S.C.I. Fayette (Official & Individual Capacity)*, | ) Re: ECF Nos. 59, 68, 82, and 96 |
| Defendants. | ) |

## MEMORANDUM ORDER

Through this *pro se* civil rights action, Plaintiff Steven Vogt ("Vogt") brings claims against John Wetzel ("Wetzel"), Secretary of the Pennsylvania Department of Corrections ("DOC"), and unidentified mailroom employees at the State Correctional Institution at Fayette ("SCI – Fayette") (collectively, "Defendants"). Vogt alleges that Defendants violated his constitutionally protected liberty interest to receive notice that mail addressed to him was rejected and returned to the United States Post Office because it lacked a return address.

Pending before the Court is Vogt's Motion to Compel documents related to DOC's development of mail policies. ECF Nos. 59. Also pending are Vogt's Motion for Sanctions related to DOC's alleged failure to preserve email accounts of certain retired or terminated employees, ECF No. 68; Vogt's Motion for Sanctions related to the failure to produce records related to the development of mail policies, ECF No. 82; and Vogt's Motion for *In Camera* Review of Emails, ECF No. 96. Wetzel has responded to each motion, apart from ECF No. 96, which appears to have

crossed in the mail with Wetzel's Certificate of Compliance related to the production of discovery responses. ECF Nos. 75, 92, 95. Vogt's motions are resolved as follows.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) entitles a party to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." If a party fails to produce documents requested pursuant to Rule 34, Rule 37(d) authorizes sanctions including requiring the party who failed to act to pay the reasonable expenses caused by the failure, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). In addition, the Court may impose any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), including:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part; [or]

(vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

A responding party is required to supplement information disclosed pursuant to a discovery request "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties." Fed. R. Civ. P. 26(e)(1)(A). When "a party fails to provide information ... as required by Rule 26(a) or (e)," Rule 37(c) allows for the "payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P.

37(c)(1)(A). Sanctions may also be imposed for discovery misconduct under Rule 26(g), which applies when an attorney or a party improperly "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" a disclosure "is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1)(A).

As a general matter, "[s]anctions should not be awarded … if the failure to disclose or supplement was substantially justified. 'Substantial justification for the failure to make a required disclosure has been regarded as justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.' The test of substantial justification is satisfied if there exists a genuine dispute concerning compliance.' Further, 'a failure to disclose is considered harmless 'when there is no prejudice to the party entitled to disclosure.'" Vay v. Huston, No. 14-769, 2016 WL 1408116, at *5 (W.D. Pa. Apr. 11, 2016)(internal citations omitted).

Finally, the grant of relief, if any, must be based on a particularized motion that advises the offending party of the form of relief that is requested so that notice and an opportunity to be heard regarding the type of sanctions to be awarded is afforded. Id.

## II.     RELEVANT FACTUAL BACKGROUND

### 1. DOC Mail Policy

On October 25, 2021, Vogt forwarded a request for documents to counsel for Defendant Wetzel and requested production of the "[p]revious version of DC-ADM-803, the Policy governing mail, from before the October 29, 2015 amendment requiring refusal of mail for want of a return address." ECF No. 59-2 at 8. In addition, Vogt requested the "[p]rocedure as related to the handling of the refusal of mail after Oct. 2015 Amendment," along with the "[p]revious procedure as related to the handling of mail determined to be disallowed." Id. Counsel for Wetzel

3

responded on November 19, 2021, with a copy of DC-AM 803 ("Inmate Mail"), and revisions effective 12/23/2011 and 10/29/2015. ECF No. 59-2 at 5-6. On December 3, 2021, Vogt requested supplemental discovery related to the DC-ADM 803 policy, including "[m]inutes or records of all meetings, discussions, and proposals concerning the revisions to policy DC ADM 803 to refuse mail without notification to the inmate mail is addressed to, from the proposal to make the revision to the making of the revision." ECF No. 59-2 at 4 ¶ 7. This request was renewed on January 27, 2022. Id. at 1.

On March 25, 2022, Vogt filed a Motion to Compel seeking, in part, the previously requested documents related to DOC's development of policies related to delivery of inmate mail. ECF No. 59 ¶¶ 4-5. Wetzel responded that the requested documents were subject to the deliberative process privilege. ECF No. 61 ¶ 28. The assertion of privilege was not supported with "precise and certain reasons." Thus, the Court deferred resolution of the claim pending Wetzel's identification of relevant documents and the reason for the assertion of privilege as to each document. ECF No. 62 at 4-7.

Wetzel's Supplemental Response to the Motion to Compel stated that, upon review, "Secretary Wetzel has concluded that these documents can be produced to Plaintiff." ECF No. 65 ¶ 4. Wetzel requested a brief period to complete production. Id. ¶ 5. Accordingly, the Motion to Compel production of responsive documents related to DOC mailing procedures was denied as moot. ECF No. 66. On May 24, 2022, Wetzel filed a Notice of Compliance stating that responsive documents were provided to Vogt by mail that day.

In his letter to Vogt accompanying the documents, counsel for Wetzel stated:

I have been advised by the Department of Corrections that the policy change occurred because DOC was trying to comply with prior case law that required notice to the sender if mail was rejected or confiscated. The previous policy was deficient because DOC was not notifying publishers when their materials were

> confiscated; from that rationale, DOC's Office of Chief Counsel recommended that notification be provided to any sender if mail was confiscated. DOC required a return address so that adequate notice could be provided if mail was confiscated (if there was no return address, then notice could not be provided. This issue initially arose with respect to incoming publications, but was extended to all mail.

ECF No. 82-1 at 1. Counsel listed and produced various emails, staff training materials, and the staff and public versions of the policy. Id.

Vogt followed on June 14, 2022, with a "Notice that Defendant Wetzel Failed to Disclose the Requested Documents Outlining the Revision of DC ADM 803: Request for Sanctions." ECF No. 82. Vogt asserts that the documents provided include only the policy after it had been revised, but not any documents reflecting "the proposal to revise, nor any stage of the revision process." Id. at 2. Vogt therefore seeks to compel additional documents that contain recommendations and reflect the "revision process," and the imposition of unspecified sanctions for DOC's failure to produce these documents Id. Vogt filed a Supplement to his Notice, stating that the documents provided to him differ in material ways from the policy promulgated by DOC as to notice of rejected mail. ECF No. 84.

On August 1, 2022, counsel for Wetzel filed "Secretary Wetzel's Response to Plaintiff's Notice [ECF 82] and Supplement [ECF 84]," ECF No. 92, stating that upon review of Vogt's Notice and Supplement, counsel sought additional documents from the DOC related to the 2015 DC-ADM 803 policy revision. DOC has provided counsel with additional documents related to the development of the policy, and the documents were forwarded to Vogt on August 1, 2022. Id.

2. **Employee Emails**

Vogt's Motion to Compel also requested an order compelling the production of emails stored on DOC's computer system that mention Vogt's name or inmate number, refer to this civil action, or relate to the refusal of mail addressed to him at SCI – Fayette since the filing of this

action. ECF No. 59 at 1-2. Wetzel objected that the request was overbroad, unduly burdensome, not relevant to Plaintiff's claims, and not proportional to the needs of the case. ECF No. 61 ¶ 16. Without waiving these objections, Wetzel further represented that "[t]here do not appear to be any emails in the accounts [of mailroom employees] during the October 2016 through June 2017 time period naming or involving Plaintiff." Id. ¶ 19. Wetzel also responded that two of the mailroom employees were no longer employed by the DOC and "their email accounts are no longer active and available for review." Id. ¶ 20. The Court agreed that the request was overbroad as it was not limited to the issue of mail delivery and, in any event, the Court could not order the production of documents that do not exist. ECF No. 62.

Vogt then filed a Motion for Reconsideration and clarified that despite the apparent breadth of the request, he sought only emails about mail addressed to him or referring to this civil action. ECF No. 63 at 2. Vogt explained that in his experience, employees other than mailroom staff are routinely assigned to the mailroom and thus the initial search for responsive emails may have been too narrow. Finally, he questioned the accuracy of Wetzel's response that former employee emails are inaccessible. Id. at 3.

Wetzel responded to the Motion for Reconsideration stating, "that he has no personal knowledge of any emails that would be responsive," and that DOC's Information Technology Procedures Manual confirms that email accounts of former DOC employees are not kept or retained. ECF No. 65 at 2. Further, an investigation by counsel yielded no emails that would be responsive "from the email accounts that were available to be reviewed." Id. ¶ 9. That said, Wetzel did not address whether DOC computer files and email accounts are archived, and whether such archives were searched.

6

In light of these unresolved questions, on May 10, 2022, the Court granted Vogt's Motion for Reconsideration related to the production of employee emails, and directed Wetzel to search electronically stored information, including electronic archives or backup files, for emails referring to Vogt by name or inmate number related to the delivery or refusal of mail for the period October 2016 to date. ECF No. 66. On May 13, 2022, Vogt filed a "Supplement to Plaintiff's Motion to Compel Production of Records from the Defendant," and stated that he was aware of the existence of emails related to this litigation dated January 24, 2018, February 8-12, 2019, and October 14, 2020. ECF No. 67. Vogt separately filed a "Motion for Sanctions Against Defendant Wetzel for the Failure to Preserve Relevant Evidence to Plaintiff's Case." ECF No. 68. Vogt stated that shortly after filing this action, he requested the production of emails related to the refusal of his mail or this litigation. Id. ¶ 1. Vogt asserts that his request placed Wetzel on notice that the material may be relevant and thus Wetzel had a duty to preserve any emails that could be relevant. For this alleged failure to preserve evidence, Vogt "requests sanctions against the Defendant." Id. at 2.

Wetzel's Response to Plaintiff's Motion to Compel and Motion for Sanctions reflects that counsel is aware of "continuing efforts [by DOC] to identify emails related to Plaintiff and his refused mail" but, as of June 10, 2022, no responsive emails were located. ECF No. 75 ¶ 10. Wetzel confirms that he is the sole identified Defendant in this action, that his "email account has been preserved, and that, to undersigned counsel's knowledge and belief, there are no known emails regarding 'the refusal of [Plaintiff's] mail or this lawsuit." Id. ¶ 16. Further, "undersigned counsel has been assigned to this case since its inception and the first notice of any request for emails came in the discovery requests submitted by Plaintiff after this matter was remanded from the [United States Court of Appeal for the] Third Circuit and after an Answer was filed on behalf of Secretary Wetzel." Id. ¶ 17. Counsel also stated that he was unaware of any requests for emails made by

7

Plaintiff before his appeal to the Third Circuit. Finally, counsel stated that the search for relevant emails continues. Id. ¶¶ 17-19.

### III. DISCUSSION

Although the Federal Rules of Civil Procedure permit a court to sanction a party who fails to comply with discovery obligations, "[t]he ultimate decision to impose sanctions under Rule 37 and any determination as to what sanctions are appropriate are matters entrusted to the discretion of the district court." Dufala v. Primanti Bros., 2015 U.S. Dist. LEXIS 132964, at *2 (W.D. Pa. Sept. 30, 2015) (citing Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 538 (3d Cir. 2007)). In evaluating the propriety of sanctions up to and including the exclusion or evidence or default, the Court is guided by the factors outlined in Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894 (3d Cir. 1977) (exclusion of evidence) and Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (default).

In Pennypack, the United States Court of Appeals for the Third Circuit identified the following factors which must be considered in evaluating whether the district court properly exercised its discretion when excluding a witness as a discovery sanction:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

Pennypack, 559 F.2d 904-05. In Poulis, the Third Circuit set forth six factors that must be considered when weighing default: "(1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the attorney's conduct was willful or in bad faith; (5) alternative sanctions; and (6) the meritoriousness of the claim." Poulis, 747 F.2d at 868. A finding of prejudice and bad faith is central to both Pennypack and Poulis.

In this case, the record reflects (1) ongoing efforts by Defendants' counsel to cure the delay in production, (2) the absence of bad faith, and (3) the lack of prejudice to Vogt. Counsel has sought the requested documentation from Defendants with each supplemental motion or request served by Vogt that narrowed or broadened his discovery requests, and has provided responses as appropriate. The Court does not find a history of dilatoriness that would support the imposition of sanctions. The litigation of this matter has not been impeded, as reflected by Vogt's recently filed Motion for Summary Judgment. And, critically, Vogt does not point to any prejudice suffered by the delay encountered by Defendants' ongoing efforts to locate and produce additional documentation about the implementation of the policy at issue or emails that very well may be privileged. Thus, given Defendants' ongoing efforts to locate and identify responsive documents and the absence of a targeted request for sanctions or evidence of prejudice or bad faith, an award of sanctions against Wetzel or counsel is not warranted.

That said, the Court is concerned with DOC's piecemeal production in this case. Going forward, it is the Court's expectation that discovery requests will be fully investigated and documented and, where necessary, that extensions of time will be requested from parties or the Court.

## IV. CONCLUSION

For the reasons stated herein, the pending Motion to Compel, ECF No. 59, and the Motions for Sanctions, ECF Nos. 68 and 82, as well as the Motion for *In Camera* Review, ECF No. 96, are denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal

is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely appeal will constitute a waiver of any appellate rights.

DATED: August 12, 2022          BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Arthur J. Schwab
United States District Judge

All counsel of record via CM/ECF

Steven Vogt
BN-3436
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450