IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN VOGT,

      Plaintiff,

    v.                                                         17cv1407

JOHN WETZEL *Secretary of the*                ELECTRONICALLY FILED
*Department of Corrections (Official &*
*Individual Capacity)*,

      Defendant.

## <u>ORDER OF COURT</u>

This matter was referred to United States Magistrate Judge Maureen P. Kelly for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

On November 10, 2025, Magistrate Judge Kelly filed a thorough, well-reasoned Report and Recommendation ("R&R"), recommending that Plaintiff Stephen Vogt's Motion for Summary Judgment (Doc. 150) be denied, Defendant John Wetzel's Motion for Summary Judgment (Doc. 145) be granted, and Plaintiff's Motion for Determining Materiality of Facts (Doc. 156) be denied as moot. (Doc. 169).

As required by 28 U.S.C. § 636(b)(1) and Local Rule 72.D.2, the parties were notified that they had until November 24, 2025 (Defendant) and December 1, 2025 (Plaintiff) to file written objections to the R&R, and fourteen (14) days thereafter to file any responses to any objections filed (*Id.* at 19-20).

Defendant Wetzel did not file an Objection to the Magistrate Judge's Report and Recommendation.

On November 25, 2025, Plaintiff timely filed an Objection to Magistrate Judge Kelly's R&R. (Doc. 170).

In his Objection to Magistrate Judge Kelly's R&R, Plaintiff contends that Magistrate Judge Kelly committed numerous errors with respect to the parties' cross-motions for summary judgment. Plaintiff does not lodge any objections specific to Magistrate Judge Kelly's recommendation that Plaintiff's Motion for Determining Materiality of Facts (Doc. 156) be denied as moot.

For the reasons set forth below, the Court finds the arguments set forth in Plaintiff's Objection to be meritless and will adopt Magistrate Judge Kelly's R&R as its Opinion with respect to Plaintiff's Motion for Summary Judgment (Doc. 150), Defendant's Motion for Summary Judgment (Doc. 145), and Plaintiff's Motion for Determining Materiality of Facts (Doc. 156).

## I.    DISCUSSION

Plaintiff's first objection asserts that as to Defendant's admitted violation of Plaintiff's Fourteenth Amendment right to due process, "[t]he District Magistrate erred where it determined nominal damages were appropriate and the only available for recovery in the instant case;" "The admitted violation of Plaintiff's due process rights did not happen in a vacuum: There were real consequences suffered by the plaintiff, and some of those are compensable injury." (Doc. 170 at 1).

The Court overrules this objection. To the contrary, the Court finds that: (1) Magistrate Judge Kelly did not so err; and (2) for the reasons set forth in Magistrate Judge Kelly's R&R, as to Plaintiff's Section 1983 Fourteenth Amendment due process violation claim against Defendant, Plaintiff cannot recover either compensatory or punitive damages, and is only entitled to nominal damages in the amount of $1.00 for Defendant's admitted violation of Plaintiff's Fourteenth Amendment right to due process, based on Plaintiff's liberty interest in corresponding

by mail, when prison officials rejected his incoming mail without notifying Plaintiff of the rejection or providing an opportunity to appeal the rejection.[1]

Plaintiff's second objection is that "[t]he District Magistrate erred where it determined the PLRA's ban on recovery for mental/emotional harm absent physical injury bars any and all recovery in the instant case." (*Id*. at 1).

The Court overrules this objection. To the contrary, the Court finds that: (1) Magistrate Judge Kelly did not so err; and (2) for the reasons set forth in Magistrate Judge Kelly's R&R, the PLRA precludes Plaintiff from recovering for any mental or emotional harm suffered by Plaintiff in this case related to any mail rejected pursuant to the DOC mail policy at issue in this case, given that Plaintiff's Complaint does not allege that Plaintiff suffered any physical injury as a result of prison officials rejecting his incoming mail without notifying Plaintiff of the rejection or providing an opportunity to appeal the rejection.

Further, to the extent that Plaintiff argues as part of his objection to this finding by Magistrate Court Kelly, that he is entitled to compensatory damages for the loss of the opportunity to present substantive evidence of Plaintiff's innocence to the PCRA court, (Doc. 170 at 1), having reviewed the evidence of record submitted by the parties in support of their cross-motions for summary judgment, contrary to Plaintiff's position (*see* Doc. 141 at 12, Doc. 159 at 8-9), the Court finds that even viewing the evidence in a light most favorable to Plaintiff and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not shown that

---

[1] "In *Stevenson v. Economy Bank of Ambridge*, 413 Pa. 442, 197 A.2d 721 (1964), the Pennsylvania Supreme Court held that because 'the basic unit of American money is the dollar . . . in the future, when nominal damages are awarded in our courts, one dollar ($1) shall be the measure thereof." *Id*. at 728. The [Court of Appeals for the] Third Circuit has also followed this rule. *See Mayberry v. Robinson*, 427 F. Supp. 297, 314 (M.D.Pa.1977) ("It is clear that the rule of law in the Third Circuit is that nominal damages may not exceed $1.00.") (citing *United States ex rel. Tyrrell v. Speaker*, 535 F.2d 823, 830 (3d Cir. 1976))." *Nicholas v. Pennsylvania State U.*, 227 F.3d 133, 146 (3d Cir. 2000).

had Plaintiff, in late October 2016, been given the typewritten McClearn letter (dated October 23, 2016 and postmarked October 25, 2016), Plaintiff would have been able to contact Arthur McClearn prior to his death on January 14, 2017, "and gotten the evidence in admissible form before his passing." (Doc. 141 at 12). As such, Plaintiff has not produced evidence that viewed in a light most favorable to Plaintiff with all reasonable inferences drawn in Plaintiff's favor, establishes that Defendant caused Plaintiff to lose any opportunities with the state PCRA court or the federal court related to the McClearn letter so to be entitled to compensatory damages.[2]

Plaintiff's third objection is that "[t]he District Magistrate erred where it determined there was no denial of access to the court in the instant case." (Id. at 2).

The Court overrules this objection. To the contrary, the Court finds that: (1) Magistrate Judge Kelly did not so err; and (2) for the reasons set forth in Magistrate Judge Kelly's R&R, even viewing the facts of evidence in a light most favorable to Plaintiff and drawing all reasonable inferences in Plaintiff's favor, Magistrate Judge Kelly correctly determined that Plaintiff "cannot show that he lost an opportunity to present a nonfrivolous claim of actual innocence based on McClearn's recantation or that no other remedy is available." (Doc. 169 at 12).

---

[2] In objecting to this finding by Magistrate Judge Kelly, Plaintiff, for the first time in his filings related to the parties' motions for summary judgment, also raises the assertion that he can recover compensatory damages for "[t]he lost opportunity to repair Plaintiff's reputation." (Doc. 170 at 2). Initially, an objection to a Report and Recommendation is not the proper vehicle to raise a new argument. See Jimenez v. Barnhart, 46 Fed. App'x. 684, 685 (3d Cir. 2002) (citation omitted) (determining: "[b]ecause Appellant raised the argument that she is entitled to a closed period of disability for the first time in her objections to the Magistrate Judge's Report and Recommendation, and not in her opening brief, we deem this argument waived."). Further, having reviewed the evidence of record submitted by the parties in support of their cross-motions for summary judgment, the Court finds that even viewing this evidence in a light most favorable to Plaintiff and drawing all reasonable inferences in Plaintiff's favor, as argued by Defendant, Plaintiff has not shown that had Plaintiff, in late October 2016, been given the typewritten McClearn letter (dated October 23, 2016, and postmarked October 25, 2016), Plaintiff would have been able to contact Arthur McClearn prior to his death on January 14, 2017, "and gotten the evidence in admissible form before his passing." (Doc. 141 at 12). Therefore, Plaintiff has not produced evidence that viewed in a light most favorable to Plaintiff with all reasonable inferences drawn in Plaintiff's favor, establishes that Defendant caused Plaintiff to lose any opportunities to repair his reputation related to the McClearn letter so to be entitled to compensatory damages.

Plaintiff's fourth objection is that "[t]he District Magistrate erred where it determined *Heck v. Humphrey* bars recovery in this case." (*Id*. at 3).

In *Heck v. Humphrey*, 512 U.S. 477 (1994) ("*Heck*"), the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. 477, 486–87 (1994) (footnotes omitted).

The Court overrules this objection.

With respect to Plaintiff's First Amendment access to courts claim, the Court finds that for the reasons set forth in Magistrate Judge Kelly's R&R, Magistrate Judge Kelly correctly determined "*Heck* bars Vogt's Section 1983 claim for damages for any alleged denial of his access to courts rights as a matter of law." (Doc. 169 at 12).

With respect to Plaintiff's Fourteenth Amendment violation of due process claim, the Court finds that for the reasons set forth in Magistrate Judge Kelly's R&R, Magistrate Judge Kelly correctly determined that to the extent that Plaintiff's Fourteenth Amendment violation of due process claim is based on the belated delivery of the McClearn letter to Plaintiff, Plaintiff cannot recover compensatory damages for the lost evidentiary value of the McClearn letter,

which, according to Plaintiff, is its capacity to exonerate Plaintiff of the murder of Francis

Landry, because said damages "would necessarily imply the invalidity of his conviction."  *Heck*,

512 U.S. at 487.  (*See id.* at 14-15) (reasoning: Plaintiff's "claim for compensatory damages is

predicated on the result – his continued incarceration – and thus calls into question his continued

incarceration.").

Plaintiff's fifth objection is that "[t]he District Magistrate erred where it concluded that

the availability of state tort remedies for the loss of property, or damage to the value of property,

precludes compensatory damages in federal court."  (*Id.* at 4).

The Court overrules this objection.

First, with respect Magistrate Judge Kelly conclusion that "Vogt's Complaint does not

present a property loss claim based on the loss of any correspondence other than the McClearn

letter," (Doc. 169 at 17, n. 6), contrary to Plaintiff's objection, accepting as true all factual

allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and

viewing them in the light most favorable to Plaintiff, even liberally interpreting Plaintiff's *pro se*

Complaint,[3] the Court finds that the factual allegations contained in Plaintiff's Complaint do not

allege a violation of Plaintiff's Fourteenth Amendment due process property rights by Defendant

based on the loss of a letter, or any photographs contained therein, from Ms. Heidrun Maureschat

("Ms. Maureschat's letter"), which Plaintiff submits is the letter referenced in his Complaint as

---

[3] This liberal interpretation requires the Court to "'apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.'"  *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)).

the basis for why he went in search of his mail that was being held as undeliverable.[4]  *See also*

*Vogt v. Wetzel*, 8 F.4th 182, 187 (3d Cir. 2021) (United States Court of Appeals for the Third

---

[4] Relevant to Plaintiff's violation of his Fourteenth Amendment due process rights claim based on Plaintiff's property interest in his mail, Plaintiff alleged the following in his Complaint.

      iii. A. My right to Due Process under the 14th Amendment to the U.S. Constitution was violated by depriving me of personal property (a letter addressed to me) without notice or adequate post deprivation remedy (State Claim, Official Capacity; Federal Claim Individual Capacity")

               . . .

      iv. A. The event occurred around late October of 2016.

      B. The event occurred in the mailroom at S.C.I. Fayette.

      C. 1. The Secretary of the D.O.C., acting under color of state law, amended Policy DC-ADM-803 to outright reject mail which arrives at an institution without a return address, without any notification to the person the letter is addressed to.

      2. In accordance with that policy an unknown mailroom staff member at S.C.I. Fayette, acting under color of state law, rejected a letter addressed to me which arrived with no return address around later October, 2016, as well as other letters at other times.

      3. No notification was given that this had occurred.

      4. Because a friend's letter was missing and not returned to her she feared she'd sent it without a return address, so in April 2017 I sent inquiries to numerous Post Offices and the Mail Reclamation Center asking if any mail addressed to me was being held as undeliverable, and if so if it could be forwarded to me or I could make arrangements to have it sent to a family member or friend).").

      5. On May 17, 2017 some letters which had been rejected were dropped in my cell as per usual mail delivery in an S.C.I. Fayette inter-office envelope, which is standard procedure when mail arrives in a padded or cardboard envelope.

      6. One of the letters was from Artur McClearn and contained material highly significant as it related to my criminal conviction.  Arthur McClearn was the states [sic.] only source of evidence/testimony related to the robbery and murder of the victim in my criminal case, and his recantation of his trial testimony presents an arguable claim for relief and vindication in court.

               . . .

      9. Had that letter not been rejected, or been rejected with proper notice and in a way protective of my Constitutional rights, in October, 2016, steps could have been taken in a timely fashion to investigate and gather the necessary evidence to earn a full and fair hearing on the issues the letter brought to light.

               . . .

      vi. The relief I request is:

      A. Monetary compensation ($250,000.00 on State Court Claim; maximum arguable amount on Federal Claims, not less than $24,000.000) for damages and injuries associated with being deprived

Circuit describing Plaintiff's Fourteenth Amendment due process claim: "[P]risoners like Vogt have a liberty interest in corresponding by mail. So when the prison rejected his letter, notification was required. Consistent with these principles Vogt stated a claim that his right to procedural due process was violated because he alleged McClearn's letter was rejected without notice. On that basis, we will vacate the District Court's order dismissing Vogt's Fourteenth Amendment procedural due process claim. On remand, the District Court can adjudicate it at summary judgment or trial, as appropriate.").

Second, the Court further finds, for the reasons set forth in Magistrate Judge Kelly's R&R, that Magistrate Judge Kelly correctly concluded that if this Court otherwise considers Plaintiff's newly asserted property loss claim, Plaintiff "waived any property loss claim for the purported value of the Australian letter and enclosed photos," *i.e.*, Ms. Maureschat's letter, through the concessions made by Plaintiff when he appealed this Court's Order dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id.* at 17). *See Vogt*, 8 F.4th at 187 (explaining: [W]e note the parties' concessions have narrowed the case. Because we hold Vogt has a liberty interest under *Procunier*, we need not address whether he has a property interest. Oral Argument, at 8:20–8:44 (Vogt's concession).").

---

of personal property without due process while it had its worth, and for being deprived of the opportunity and ability to investigate a matter of grave importance so that timely and effective appeal could be taken to vindicate myself in court and in public opinion, which caused and will continue to cause mental anguish, loss of opportunity to potentially end my being subjected to indignities, humiliation, and restrictions of prison life, and loss of all of the opportunities which would have followed, with no other legal recourse.

(Doc. 3 at ¶¶ iv(C)(4) and vi ).

Third, the Court further finds that Magistrate Judge Kelly correctly concluded that if this Court otherwise considers Plaintiff's newly asserted property loss claim, Plaintiff cannot recover damages based on the loss of the letter and photographs from Ms. Maureschat because Plaintiff has failed:

> to demonstrate that state tort remedies are inadequate such that a due process claim for property loss may be sustained. . . . Thus, from the day Vogt learned his friend's letter was missing, he was free to pursue available state law remedies from any wrongful deprivation of his property. . . . His failure to do so does not render the claim actionable through this litigation.

(Doc. 169 at 17-18 (citations omitted)).

In making this last finding, it is necessary to address Plaintiff's contention, as part of this Objection, that Plaintiff's case includes a state law "lost/devalued property claim"/"state tort law claim[]" against Defendant Wetzel related to Plaintiff's lost or delayed mail.

The Court disagrees with Plaintiff's contention because accepting as true all factual allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and viewing them in the light most favorable to Plaintiff, even liberally interpreting the factual allegations set forth in Plaintiff's *pro se* Complaint, the Court does not interpret Plaintiff's Complaint to allege a state law "lost/devalued property claim"/"state tort law claim[]" against Defendant Wetzel related to any lost or delayed mail. *See also Vogt*, 8 F.4th at 183–84 (Court of Appeals for the Third Circuit's summary of the claims alleged in Plaintiff's Complaint: "Steven Vogt appeals the District Court's order dismissing his complaint for failure to state a claim. A Pennsylvania inmate, Vogt alleged his constitutional rights to due process and access to the courts were violated when prison officials rejected his incoming mail without notifying him of the rejection."); *id.* at 186-187 (Court of Appeals for the Third Circuit, based on the parties' concessions during Plaintiff's appeal of this Court's Order dismissing his Complaint for failure to

state a claim, stating that Plaintiff's claims in this case were narrowed to two (2) claims only: (1) a Fourteenth Amendment procedural due process claim premised on Plaintiff's liberty interest in corresponding by mail; and (2) a First Amendment access to courts claim.)

Indeed, Plaintiff's own actions in this case support the Court's conclusion that Plaintiff's case does not include a state court claim against Defendant related to any lost or delayed mail. *See*, for example, Doc. 141 at 3 (Plaintiff's March 4, 2025 Brief in Support of Summary Judgment, wherein Plaintiff states: "Plaintiff, pro se, brought this civil rights action under §1983 claiming John Wetzel, Secretary of the Pennsylvania Department of Corrections ('DOC') ('Defendant Wetzel') violated his Fourteenth Amendment right to due process, his First Amendment right to access to the courts, and that Defendant Wetzel is liable for compensatory and punitive damages for causing actual injury where: an October 23, 2016 recantation letter of Arthur McClearn was refused without notice and lost its evidentiary value, and the capacity to exonerate Plaintiff, as a result; where irreplaceable photographs and a letter precious to Plaintiff were lost as a result"); Doc. 129 (Plaintiff's September 19, 2024 "Motion to Withdraw the Access to the Courts Claim and Proceed to Mediation or Trial on Damages for the Due Process Violation," wherein Plaintiff motioned this Court to withdraw Plaintiff's First Amendment access to courts claim and proceed to mediation or trial on damages from the Fourteenth Amendment due process violation, without any mention of a state tort claim); Doc. 81 (Plaintiff's June 13, 2022 Pretrial Narrative Statement, filed while Plaintiff's First Amendment access to court claim was stayed, wherein the sole claim addressed by Plaintiff was his Fourteenth Amendment due process claim).

Finally, to the extent that Plaintiff again is asserting that with respect to his Fourteenth Amendment due process claim, Plaintiff is entitled to compensatory damages for the "loss in

value of the McClearn letter," (Doc. 170 at 4), the Court disagrees and again concludes that Plaintiff cannot recover compensatory damages for Defendant's violation of Plaintiff's Fourteenth Amendment right to due process based on the lost evidentiary value of the McClearn letter, which is its capacity to exonerate Plaintiff of the murder of Francis Landry, and thus, "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487.

Plaintiff's sixth, and final, objection is that "[t]he District Magistrate erred where it determined punitive damages are not appropriate in this case." (*Id*. at 5).

The Court overrules this objection. To the contrary, the Court finds that Magistrate Judge Kelly did not so err because even viewing the evidence of record in a light most favorable to Plaintiff and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not produced evidence that supports a finding that Defendant's conduct was "motivated by evil motive or intent, or . . . . involve[d] reckless or callous indifference to the federally protected rights of others," as required in order for a jury to "be permitted to assess punitive damages in an action under § 1983." *Smith v. Wade*, 461 U.S. 30, 56 (1983).

## II. CONCLUSION

Accordingly, after *de novo* review of the Record in this matter, the thorough, well-reasoned Report and Recommendation of Magistrate Judge Kelly (Doc. 169), and Plaintiff's Objections to the Report and Recommendation (Doc. 170), the following Order is entered:

AND NOW, this 18th day of February, 2026, it is ORDERED that Plaintiff's Objections to the Report and Recommendation (Doc. 170) are OVERRULED.

It is further ORDERED that Plaintiff's Motion for Summary Judgment (Doc. 150) is granted as to Plaintiff's 42 U.S.C. § 1983 claim premised on Defendant Wetzel's liability only

for the violation of Plaintiff's Fourteenth Amendment right to due process based on Plaintiff's liberty interest in corresponding by mail, and otherwise is DENIED.

It is further ORDERED that Defendant Wetzel's Motion for Summary Judgment (Doc. 145) is GRANTED as to Plaintiff's 42 U.S.C. § 1983 claim premised on Defendant violating Plaintiff's First Amendment right to access to the courts, and Plaintiff's claim for compensatory and punitive damages for Defendant's violation of Plaintiff's Fourteenth Amendment right to due process based on Plaintiff's liberty interest in corresponding by mail (Plaintiff only being entitled to nominal damages of $1.00 for said violation).

It is further ORDERED that Plaintiff's Motion for Determining Materiality of Facts (Doc. 156) is DENIED AS MOOT.

It is further ORDERED that Magistrate Judge Kelly's November 10, 2025 Report and Recommendation (Doc. 169) is adopted as the Opinion of the Court.

A final Judgment will be entered by separate Order.

It is further ORDERED that the Clerk of Court shall mark this case "CLOSED."

BY THE COURT:
s/Arthur J. Schwab
ARTHUR J. SCHWAB
UNITED STATES DISTRICT JUDGE

cc:    All ECF Registered Counsel of Record

STEVEN VOGT, BN-3436
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450